IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David Roman <br>                 Debtor(s) | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY ) <br>           Secured Creditor <br> vs. | NO. 19-16860 MDC |
| David Roman <br>                 Debtor(s) | 11 U.S.C. Section 362 |
| William C. Miller Esq. <br>                 Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On March 11, 2020, U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) (hereinafter referred to as "Secured Creditor") filed an Objection to Confirmation of Debtor's Chapter 13 Plan.

2. On April 30, 2020, Debtor filed an Objection to Secured Creditor's Proof of Claim, 4-2.

3. In resolution of both Objections, the Parties agree to the following:

    a. Secured Creditor shall file a Second Amended Proof of Claim, voluntarily reducing the total claim in the amount of $500.00, for a total secured claim in the amount of $38,407.25.

    b. Since the filing of the bankruptcy, as of July 29, 2020, Debtor has made payments directly to Secured Creditor in the amount of $1,146.00.

  c. Debtor shall pay the remaining claim amount, $37,261.25, in full over the life of this bankruptcy, beginning on September 1, 2020 in the amount of $730.62 through October 1, 2024, with the last payment on November 1, 2024 in the amount of $730.25.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor with proof of payment of real property taxes (or proof of a payment plan for the taxes and compliance therewith) and with proof of valid hazard insurance for the property with secured creditor identified as a loss payee.

6. In the event the payments under Section 3 or Section 5 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: 8/18/2020

By: /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Secured Creditor

Date: 8-18-20

David A. Scholl
Attorney for Debtor(s)

Approved by the Court this 9th day of September, 2020. However, the court retains discretion regarding entry of any further order.

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE