**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:
**DAVID ROMAN,**                                  :          **CHAPTER 13**
**Debtors**

                                                          : **BANKRUPTCY NO. 19-16860**

**ORDER**

AND NOW, this        day of February, 2021, upon consideration of the Objections of the Debtor to the Certification of U. S. Bank, National Association, ("USB"), of Default of the Stipulation approved by this court on September, 2019, to resolve the conditions for payment of the entire secured claim of USB under the Debtor's confirmed Chapter 13 Plan of Reorganization, it is hereby ORDERED that the Objection is SUSTAINED and the entry of any Order granting USB relief at this time is **DENIED.**

_____
J.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:
DAVID ROMAN,                                               :     CHAPTER 13
Debtor

: BANKRUPTCY NO. 19-16860

**DEBTOR'S OBJECTIONS TO CERTIFICATION OF DEFAULT OF STIPULATION WHICH RESOLVED THE PAYMENTS TO BE PAID TO U. S. BANK, NATIONAL ASSOCIATION ("USB") TO PAY OFF THE ENTIRE CLAIM OF USB UNDER THE DEBTOR'S CONFIRMED PLAN**

1. On or about September 9. 2019, this court approved a Stipulation setting forth terms under which the Debtor would satisfy the entire secured claim of USB against the Debtor's residential real estate at 316 West Fisher Ave., Philadelphia, PA. 19120, over the course of his confirmed Chapter 13 Plan.

2   USB has never filed any motion for relief from the automatic stay arising from the Debtor's above-captioned bankruptcy case.

3. Nevertheless, the Stipulation provided that if the Debtor was sent a letter claiming a default in the agreed payments of $730.25/month under the Stipulation and the default were not cured wihin 15 days of notice to the Debtor and his counsel of the default, relief from the automatic stay could be provided to USB regarding foreclosure on his residence by this court.

4. USB claims to have sent a notice of a default in Stipulation payments to the Debtor and his counsel on by regular U.S. mail on December 16, 2020.

5. Possibly due to delays in mail delivery generally and particularly due to the holiday season, the letter was not delivered to the Debtor's counsel until late in the day on December 23, 2020.

6. The Debtor's counsel has attempted to contact his client to determine whether the default in payments is disputed, whether the alleged default can be cured, and whether and , if so, when the Debtor received any notice of this default, but, due in part to the delays in

holiday communications, has been unable to do so within 15 days from the date of alleged dispatch of the default letter.

       7.  Due to the date of dispatch of the letter, USB's counsel could have anticipated a delay in response to the letter, and could have equitably accelerated the notice procedure by sending email of the alleged default to the Debtor's counsel, but chose not to do so, thereby unreasonably minimizing the notice of the alleged default to the Debtor.

       8.  Under these circumstances, it is just and fair to provide the Debtor with additional time to communicate with counsel regarding the relief sought, and, to that end, to not allow USB to obtain relief until after a hearing is scheduled and conducted.

WHEREFORE, the Debtor requests that the Objection to the Certification of Default be sustained and the Certification not be honored until after a hearing has been scheduled and completed.

Dated:  December 31, 2020    Attorney for Debtors

   /s/DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, PA.  19148
610-550-1765